James F. Hall, Appellee, v. Mamie E. Hall, Appellant.

Gen. No. 22,282.

1. DIVORCE, § 70*—*when proceedings will not be reviewed on merits.* Proceedings on a bill for divorce will not be reviewed on the merits where the case has not been tried as required by law.

2. DIVORCE—*when reference to master unwarranted.* Under the present statutes the reference to a master of a contested bill for divorce is unwarranted and without precedent, although prior to the revision of the statutes in 1874 it was the practice to make such references.

3. DIVORCE—*when hearing by court mandatory.* The provision of the Divorce Act, sec. 8 (J. & A. ¶ 4223), that in default cases, where the bill is taken for confessed, the court shall proceed to hear the cause by examination of witnesses in open court, is mandatory, and default cases cannot be otherwise heard.

4. DIVORCE, § 53a*—*when party entitled to jury trial.* While a divorce case does not, as do cases at law, stand for trial by jury unless a jury trial is waived, yet either party, on request, is entitled to a jury trial.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded with directions. Opinion filed October 30, 1916. Petition for *certiorari* dismissed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

R. C. MERRICK, O. T. CRISSEY and F. L. BARNETT, for appellant.

GEORGE W. ELLIS, RICHARD E. WESTBROOKS and JAMES G. COTTER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is a cause matrimonial, in which the husband charges the wife with adultery and asks a divorce for that cause, and the wife countercharges with a cross-bill for separate maintenance. Each party denies the incriminating charges made by the other. From a decree granting a divorce to complainant for the adultery of his wife and denying appellant, the wife, any relief on her cross-bill for separate maintenance, dismissing the same for want of equity, the wife prosecutes this appeal.

The issues joined consisted of the bill and the answer of defendant thereto. On the cross-bill of the wife for separate maintenance the issues rested in the cross-bill, answer thereto and replication to the answer. In this state of the issue the cause was referred generally to a master, who took the proofs of the parties and found in favor of appellant on her cross-bill for separate maintenance and against complainant on his original bill for divorce.

In the condition of the record our review upon the merits would be improper. This case has not been tried as the statutes and the law of this State require. The reference of the cause to a master was unwarranted and without precedent. Before the revision of the statutes in 1874 the chancellor might proceed in a default case to hear the case in open court; but it was the practice to refer such causes to a master. This practice gave rise to much scandal in divorce cases and gave to Chicago the reputation of being a mecca for

disgruntled and dissatisfied married people, where divorce was speedily accomplished. To abolish such scandals the present statute was enacted, which provides that in default cases, where the bill is taken as confessed, "the court shall proceed to hear the cause by examination of witnesses in open court." This act is mandatory and default divorce causes cannot be heard except in open court. While there is no express provision in the statute inhibiting reference of a contested divorce cause to a master to take proofs and report his conclusions of law and fact thereon, still we are firmly of the opinion that the spirit of the law is contrary to the permitting of any such practice. We know of no instance other than the one at bar since the Act of 1874 (J. & A. ¶ 4215 *et seq.*), in which a divorce case, contested or uncontested, has been referred to a master for hearing. Counsel cite no such case and an independent search has failed to disclose any.

While a divorce case does not, as do cases at law, stand for trial by jury unless a jury trial is waived by the joint agreement of the parties, yet either party, upon request, is entitled to a jury trial. Neither party has yet requested a trial by jury; still a jury may be called upon the demand of either. We think this case is typical of the evil of a hearing before a master. The master, who saw the witnesses and was therefore the better able to judge of their fairness and the veracity or falseness of their evidence and of the weight which it was entitled to be given, found directly contrary to the chancellor, who simply had the evidence reported by the master before him and did not see or hear any of the witnesses. An examination of the testimony reveals the fact that the evidence was in sharp conflict on the material issues, and we think that personal touch with the witnesses must necessarily have been controlling in determining their credibility and the

weight to be accorded their testimony. This facility the chancellor lacked, but the master possessed. If we were passing upon the weight of the testimony, which we are not, we should be more inclined, after reading it and bearing in mind the superior advantages which the master had over the chancellor, to concur in the conclusions to which the master arrived and to give effect to his recommendations, disregarding those of the chancellor.

The decree appealed from is reversed and the cause is remanded with directions to the Circuit Court to hear and determine the issues joined on the bill and cross-bill in open court.

*Reversed and remanded with directions.*